# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JORGE LUIS ALVARADO VARGAS, | Civil Action No. 18-3831 (CCC) |
| Petitioner, | |
| v. | **MEMORANDUM AND ORDER** |
| U.S. DEPARTMENT OF HOMELAND SECURITY, et al., | |
| Respondents. | |

This matter has come before the Court on a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner Jorge Luis Alvarado Vargas. Petitioner is challenging his detention by immigration officials during his removal proceedings. Petitioner argues that: (1) his denial of bond was a violation of his procedural due process right (Ground Two); and (2) his detention based on a prior conviction of aggravated assault is erroneous (Grounds One and Three). The Court must now screen the Petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b).

Petitioner's claim regarding his allegedly erroneous detention is dismissed. This Court does not have jurisdiction to review such a decision on the merits by the immigration court. *Davidson v. Green*, No. 16-3704, 2017 WL 1250991, at *1 n.1 (D.N.J. Mar. 24, 2017) ("[Petitioner's] claim that his convictions did not provide a basis for detaining him, contrary to a determination made by the Immigration Court in a *Joseph* hearing, is not reviewable by a habeas court."); 8 U.S.C. § 1226(e). To the extent Petitioner wishes to challenge that decision, he should

seek appropriate administrative remedies, which he appears to have already done so. (*See* ECF No. 1 at 2.) The Court, however, will allow Petitioner's procedural due process claim to proceed.[1]

IT IS on this ___9___ day of ___April___, 2018,

**ORDERED** that all Respondents other than Charles L. Green are hereby **DISMISSED**, *see Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[I]n habeas challenges to present physical confinement - 'core challenges' - the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official"); it is further

**ORDERED** that Grounds I and III of the Petition are hereby **DISMISSED**; it is further

**ORDERED** that the Clerk shall serve copies of the Petition and this Order upon Respondent by regular mail, with all costs of service advanced by the United States; it is further

**ORDERED** that the Clerk shall forward a copy of the Petition and this Order to Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov; it is further

**ORDERED** that, within 45 days after the date of entry of this Order, Respondent shall electronically file a full and complete answer to said Petition, which responds to the factual and legal allegations of the Petition; it is further

**ORDERED** that the answer shall state the statutory authority for Petitioner's detention, *see* 28 U.S.C. § 2243; it is further

---

[1] The Court is mindful that Petitioner might not even be entitled to a bond hearing because he may be mandatorily detained under 8 U.S.C. § 1226(c). *See Jennings v. Rodriguez*, 138 S. Ct. 830 (2018). However, because the Court is unsure of the basis for Petitioner's detention, the Court will allow the claim to proceed.

**ORDERED** that Respondent shall raise by way of the answer any appropriate defenses which respondent wishes to have the Court consider, including, but not limited to, exhaustion of administrative remedies, and also including, with respect to the asserted defenses, relevant legal arguments with citations to appropriate legal authority; it is further

**ORDERED** that Respondent shall electronically file with the answer certified copies of the administrative record and all other documents relevant to Petitioner's claims; it is further

**ORDERED** that all exhibits to the answer must be identified by a descriptive name in the electronic filing entry, for example:

"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX" or

"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"; it is further

**ORDERED** that Petitioner may file and serve a reply in support of the petition within 45 days after the answer is filed; and it is further

**ORDERED** that, within 7 days after any change in Petitioner's custody or immigration status, including but not limited to release, deportation, issuance of a final order of removal, or any subsequent grant of stay, Respondent shall electronically file a written notice of the same with the Clerk.

Claire C. Cecchi, U.S.D.J.