**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JORGE LUIS ALVARADO VARGAS,<br>Petitioner,<br>v.<br>U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,<br>Respondent. | Civil Action No.: 18-cv-03831<br><br>**MEMORANDUM AND ORDER** |

**CECCHI, District Judge.**

This matter has come before the Court on a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, filed by Petitioner Jorge Luis Alvarado Vargas. (ECF No. 1.) Petitioner challenges his detention by immigration officials during the pendency of his removal proceedings. Petitioner argues that his indefinite detention is unconstitutional without affording him a bond hearing. Respondent filed an answer, (ECF No. 5), and Petitioner filed a reply, (ECF No. 7).

In his answer, Respondent asserts that Petitioner has already received a bond hearing from the immigration court, (ECF No. 5 at 2), and attaches documentary evidence of the same, (ECF No. 5-1 at 14–17). Since Petitioner was provided with an individualized bond hearing, he has already received all the protection the Constitution requires, rendering the Petition moot. *See Williams v. Aviles*, No. 14-6463, 2016 WL 3014402, at *1 (D.N.J. May 25, 2016); *Carmil v. Green*, No. 15-8001, 2015 WL 7253968, at *3 (D.N.J. Nov. 16, 2015). To the extent that Petitioner is seeking a review of the bond determination, this Court is without jurisdiction to review that determination. *See* 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of [§ 1226] shall not be subject to review. No court may set aside any action or

decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole."); *Asemani v. Att'y Gen. of U.S.*, 140 F. App'x 368, 376 (3d Cir. 2005) ("[T]he [Illegal Immigration Reform and Immigrant Responsibility Act] specifically prohibits direct review of bond orders."); *Pena v. Davies*, No. 15-7291, 2016 WL 74410, at *2 (D.N.J. Jan. 6, 2016) ("This Court, does not have the power to second guess the discretionary decision of the IJ to deny Mr. Pena's release on bond.").

Petitioner does not dispute any of the foregoing, but instead asserts that his bond hearing was constitutionally defective in violation of his procedural due process right. While procedural due process challenges remain viable in a habeas petition even after the enactment of § 1226(e), *see Reeves v. Johnson*, No. 15-1962, 2015 WL 1383942, at *3 (D.N.J. Mar. 24, 2015), Petitioner's only factual allegation to support his procedural due process claim is a single sentence stating that "the Immigration Judge refused to permit testimony by witnesses present in the courtroom (close family members who were either Legal Permanent Residents or U.S. Citizens) in support on the request for bond[.]" (ECF No. 1 at 5.) Petitioner relies on that single allegation as well in his reply. (*See* ECF No. 7 at 1.) However, Petitioner submits no affidavit showing what those witness testimonies would be, provides no explanation as to why the immigration court was wrong in finding that said testimonies may have been cumulative to records already before that court, (*see* ECF No. 5-1 at 22), and does not cite to any case law showing that he had an absolute constitutional right to offer witness testimony at an immigration bond hearing, a right that even criminal defendants do not have. *See Taylor v. Illinois*, 484 U.S. 400, 410 (1988). Petitioner asks this Court to make an extraordinary finding that his bond hearing was so defective as to rise to an error of constitutional proportion, based on a one-sentence factual allegation in his Petition which is supported by neither evidence nor law. Without more, Petitioner's challenge merely constitutes a

substantive disagreement with the immigration court's denial of bond, a decision that this Court lacks jurisdiction to review. As such, the Petition is denied.

Accordingly, **IT IS** on this 25 day of November, 2019,

**ORDERED** that the Petition, (ECF No. 1), is hereby **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall serve this Order upon the parties and shall **CLOSE** the file.

**SO ORDERED.**

**CLAIRE C. CECCHI, U.S.D.J.**